**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0099n.06

**Nos. 10-2006 / 10-2022**

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

**FILED**

*Jan 27, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID SERRATO-CHAVEZ and JOSE | ) | EASTERN DISTRICT OF MICHIGAN |
| MADRIGAL-NEGRETE, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before:  MARTIN, SUTTON and BALDOCK, Circuit Judges.[*]

PER CURIAM.  David Serrato-Chavez and Jose Madrigal-Negrete each pled guilty to one count of possession with intent to distribute 100 kilograms or more of marijuana. *See* 21 U.S.C. § 841(a)(1).  Their plea agreements each contained identical clauses labeled "Waiver of Appeal," which waived their rights to appeal their convictions or sentences as long as "the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement."  R.81 at 6; R.82 at 6.  Part 3, in turn, says that the sentence "may not exceed the top of the sentencing guideline range recommended by the government," which in both cases was 60 months (the statutory minimum). R.81 at 3–4; R.82 at 3–4.  Both defendants received a 60-month sentence.

---

[*]The Honorable Bobby R. Baldock, United States Court of Appeals for the Tenth Circuit, sitting by designation.

A defendant may waive any right, including the right to appeal a conviction and sentence, as long as the waiver is knowing and voluntary. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008); *United States v. Bradley*, 400 F.3d 459, 465–66 (6th Cir. 2005). Both of these waivers meet that standard. At their respective plea hearings, the district court told both defendants that they were giving up their right to appeal any sentence of 60 months or less. Both defendants, though native Spanish speakers, were accompanied by interpreters, and through their interpreters both men agreed to that condition. Neither one offers any reason to believe that their interpreters mistranslated the district court's words or their responses.

The appeal-waiver provisions are unambiguous and Serrato-Chavez and Madrigal-Negrete knowingly and voluntarily waived their rights to appeal a sentence of 60 months or less. We therefore grant the government's motion to dismiss these two appeals.